In the Matter of Bruce Allen
HOLLAR, Debtor.

Douglas L. THRUSH, Trustee, Plaintiff,

v.

Sandra K. MARVIN, Defendant.

Bankruptcy No. 688–00413.
Adv. No. 688–0072.

United States Bankruptcy Court,
N.D. Ohio.

Jan. 19, 1989.

Douglas L. Thrush, Mansfield, Ohio, for trustee.

Thomas K. Budd, Ashland, Ohio, for defendant.

## MEMORANDUM OF DECISION

JAMES H. WILLIAMS, Chief Judge.

The Chapter 7 Trustee, Douglas L. Thrush, has filed a complaint against the Defendant, Sandra K. Marvin, seeking to avoid a transfer to her of $2,000.00 as preferential under the provisions of 11 U.S.C. § 547. Defendant answered denying the essential allegations of the complaint and specifically denying that she is an insider.

A pre-trial conference was held whereat the parties agreed that the issue in dispute would be submitted to the court upon stipulations of fact and briefs.

## FACTS

In November, 1987, the debtor paid to Defendant, his girlfriend and future fiancee, the sum of $2,000.00 as repayment of an antecedent debt. Thereafter, on March 23, 1988, the debtor filed for relief under Chapter 7 of Title 11 of the United States Code.

## DISCUSSION

11 U.S.C. § 547 provides for the avoidance of certain pre-petition transfers of the debtor's property and provides in relevant part:

.        .        .        .        .

(b) Except as provided in subsection (c) of this section, the trustee may avoid any transfer of an interest of the debtor in property—

(1) to or for the benefit of a creditor;

(2) for or on account of an antecedent debt owed by the debtor before such transfer was made;

(3) made while the debtor was insolvent;

(4) made—

(A) on or within 90 days before the date of the filing of the petition; or

(B) between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and

(5) that enables such creditor to receive more than such creditor would receive if—

(A) the case were a case under chapter 7 of this title;

(B) the transfer had not been made; and

(C) such creditor received payment of such debt to the extent provided by the provisions of this title.

The sole issue in dispute is whether Section 547(b)(4)(B), quoted above, is applicable. The transfer having occurred between 90 days and one year before the petition date, there must be a showing that Defen-

dant was an insider at the time of such transfer.

The Trustee argues that Defendant was an insider based upon her relationship with the debtor and relies on *In re Montanino,* 15 B.R. 307 (Bankr.N.J.1981).

Defendant, in distinguishing *In re Montanino,* urges the court to adopt a narrow interpretation of an insider. Additionally, Defendant maintains that if the court finds her to be an insider, the Trustee should only be able to recover as a preference an amount over the first $600.00. *See,* 11 U.S.C. § 547(c)(7).

11 U.S.C. § 101(30)(A) provides:
"insider" includes—

(A) if the debtor is an individual—

(i) relative of the debtor or of a general partner of the debtor;

(ii) partnership in which the debtor is a general partner;

(iii) general partner of the debtor; or

(iv) corporation of which the debtor is a director, officer, or person in control.

As is apparent, Defendant does not fall into one of the specific categories set forth in Section 101(30)(A). However, as 11 U.S.C. § 102(3) specifically states, the terms " 'includes' and 'including' are not limiting."

As the court in *In re Montanino* stated, "[t]he true test of an 'insider' is one who has such a relationship with the debtor that their dealing with one another cannot be characterized as an arms-length transaction." *Id.* 15 B.R. at 310. *See also,* H.R. No. 95–595, 95th Cong. 1st Sess., 312 (1977); *In re K & R Mining,* Case No. 687–00790, Adv. No. 687–0199, Memorandum of Decision, (Bankr.N.D.Ohio 1988) (insider status based upon close relationship and ability to compel payment).

The Trustee relies upon the factual similarities of *In re Montanino* where the court found the debtor's girlfriend's parents to be insiders. However, in the *Montanino* case, evidence and testimony as to the parties' relationship was presented.

Here, the only fact before the court is that Defendant was the girlfriend and future fiancee of the debtor at the time of the transfer. With this limited information, the court is unable to make the factual determination that the relationship of the debtor and Defendant was of such a nature as to make Defendant an insider.

As provided in 11 U.S.C. § 547(g), "the trustee has the burden of proving the avoidability of a transfer under subsection (b)." Based upon the submitted stipulations of fact, the Trustee has not met his burden in proving that Defendant was an insider at the time of the transfer. Accordingly, the court finds the Trustee's complaint not to be well taken and such complaint will be dismissed.

An order in accordance herewith shall issue.